ORIGINAL

FILED

'07 DEC 19 AM 11:54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: [illegible] DEPUTY

Lisa T. Belenky (CA Bar No. 203225)
Justin Augustine (CA Bar No. 235561)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 x 307
Facsimile: (415) 436-9683
lbelenky@biologicaldiversity.org
jaugustine@biologicaldiversity.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE<br><br>Defendants. | Case No. '07 CV 2378 IEG JMA<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

BY FAX

## I. INTRODUCTION

1. This is an action for declaratory and injunctive relief in which Plaintiff, the Center for Biological Diversity (the "Center"), challenges the continuing failure of Dirk Kempthorne, the Secretary of the Interior (the "Secretary") and the United States Fish and Wildlife Service (the "Service") (collectively, "Defendants") to timely designate critical habitat four endangered plants, San Diego ambrosia (*Ambrosia pumila*), the Cook's lomatium (*Lomatium cookii*), large-flowered woolly meadowfoam (*Limnanthes floccose ssp. Grandiflora*), and Golden sedge (*Carex lutea*) as required by section 4 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(a)(3). Each of these plants were listed as endangered species pursuant to the ESA in 2002. 67 Fed. Reg. 44372-82 (July 2, 2002) (San Diego ambrosia (*Ambrosia pumila*)); 67 Fed. Reg. 68004 (November 7, 2002) (Cook's lomatium (*Lomatium cookii*) and large-flowered woolly meadowfoam (*Limnanthes floccose ssp. Grandiflora*)); and 67 Fed. Reg. 3120-26 (January 23, 2002) (golden sedge (*Carex lutea*)). The Defendants' failure to designate critical habitat in a timely manner violates the ESA. By failing to designate critical habitat for these species, Defendants have failed to perform the measures necessary under the ESA to protect these listed species and their habitat. Moreover, Defendants' failure to designate critical habitat has deprived these critically imperiled species of significant legal protection. Despite the known threats to these endangered species, the Service has failed its duty to protect the habitat essential to the survival and recovery of these species by designating critical habitat for these species as required by the ESA.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims for relief in this action pursuant to 16 U.S.C. § 1540(c) (actions under the Endangered Species Act ("ESA")); 16 U.S.C. § 1540(g) (ESA citizen suit provision); 28 U.S.C. § 1331 (actions under the laws of the United States); 28 U.S.C. § 1346 (action against the United States); 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his or her duty); 28 U.S.C. §§ 2201-02 (power to issue declaratory judgments in cases of actual controversy); and 5 U.S.C. § 702 (the Administrative

Procedure Act ("APA")).

3. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) because the defendant agency maintains an office in this district, and pursuant to 16 U.S.C. § 1540(g)(3)(A) because one of the species occurs in this district.

4. The Center provided the Secretary and the Service with at least sixty days written notice of the ESA violation alleged herein to the extent such notice is required by ESA Section 11(g)(2)(C), 16 U.S.C. § 1540(g)(2)(C). The Center provided written notice to Defendants of their alleged violations of the ESA by letter dated and sent by certified mail and facsimile on October 18, 2007. Neither Defendant has responded to the notice nor have Defendants remedied the alleged violations. Therefore, an actual controversy exists between the parties within the meaning on 28 U.S.C. § 2201. For all claims, Plaintiff has exhausted all of the administrative remedies available to them.

## III. PARTIES

5. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a non-profit corporation with offices in San Francisco, Joshua Tree, San Diego, and Los Angeles, California; Phoenix and Tucson, Arizona; Silver City, New Mexico; Portland, Oregon; and Washington, D.C. The Center is dedicated to the preservation, protection, and restoration of biodiversity, native species, ecosystems, and public lands and waters. The Center's staff and members are actively involved in wildlife and habitat protection issues throughout the United States. The Center has over 40,000 members, including many members who reside in California, Oregon and North Carolina where these species are found.

6. The Center's staff and members use and enjoy the native habitats of these four plant species. The Center's staff and members intend to visit these habitats again in the future to seek out these species and explore their habitats. The Center's staff and members use the currently occupied and potential recovery habitat of the San Diego ambrosia (*Ambrosia pumila*), the Cook's lomatium (*Lomatium cookii*), large-flowered woolly meadowfoam (*Limnanthes floccose ssp. Grandiflora*), and golden sedge (*Carex lutea*) for wildlife and plant observation, nature

photography, aesthetic enjoyment, and other recreational and educational activities. In addition, the Center's staff and members derive substantial scientific, educational, recreational, spiritual, and aesthetic benefits from these species' continued existence in the wild. These interests will be irreparably damaged if the Secretary continues to refuse to designate critical habitat for the San Diego ambrosia (*Ambrosia pumila*), the Cook's lomatium (*Lomatium cookii*), large-flowered woolly meadowfoam (*Limnanthes floccose ssp. Grandiflora*), and golden sedge (*Carex lutea*) and thus deprives these species of the protections of the Act that prohibit destruction or adverse modification of designated critical habitat. The Center brings this action on behalf of itself, its staff, and its adversely affected members.

7. Defendant DIRK KEMPTHORNE is the Secretary of the United States Department of the Interior ("Secretary"). The Secretary is the federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by and in accordance with the ESA, including proposed and final critical habitat decisions. Dirk Kempthorne is sued in his official capacity. The Secretary has delegated responsibility for the administration and implementation of the ESA to the United States Fish and Wildlife Service.

8. Defendant UNITED STATES FISH AND WILDLIFE SERVICE ("Service") is an agency of the United States government, and is an agency within and under the jurisdiction of the Department of the Interior. Through delegation of authority from the Secretary, the Service administers and implements the ESA, and is legally responsible for the protection and management of the fish, wildlife, and native plant resources of the United States. Through delegation, the Service is responsible for designating critical habitat for listed species as required by the ESA.

## IV. LEGAL BACKGROUND

9. The ESA is a federal statute designed "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species . . . ." 16 U.S.C. § 1531(b).

10. To achieve this goal, Congress amended Section 4 of the ESA, 16 U.S.C. § 1533, in 1978 to mandate that when a species is listed as endangered or threatened, the Secretary must concurrently designate critical habitat for that species. Section 4(a)(3)(A) of the ESA now states that, the Secretary,

> to the maximum extent prudent and determinable –
> [] shall, concurrently with making a determination . . . that a species is an endangered species or threatened species, designate any habitat of such species which is then considered to be critical habitat[.]

16 U.S.C. § 1533(a)(3)(A). As explained in the legislative history of the amendment, "classifying a species as endangered or threatened is only the first step in insuring its survival. Of equal or more importance is the determination of the habitat necessary for the species' continued existence." H.R. Rep. No. 94-887, at 3 (1976).

11. Section 4 of the ESA allows the Secretary to delay designation of critical habitat until after the listing determination only in limited circumstances. Delay is allowed if critical habitat is not determinable, designation of critical habitat is not prudent, or it is essential to the conservation of the species that the listing decision be promptly published. 16 U.S.C. § 1533(a)(3), (b)(6)(C). None of these exceptions apply in this instance.

12. Section 3 of the ESA defines the term "critical habitat" for a threatened or endangered species to mean:

> (i) the specific areas within the geographical area occupied by the species, at the time it is listed . . . , on which are found those physical or biological features (I) essential to the conservation of the species and (II) which may require special management considerations or protection; and
>
> (ii) specific areas outside the geographical area occupied by the species at the time it is listed . . . , upon a determination by the Secretary that such areas are essential for the conservation of the species.

16 U.S.C. § 1532(5)(A).

13. "Conservation," as used in the ESA, means the recovery of the species to the extent that the protections of the ESA are no longer needed. "Conservation" means "the use of all methods

and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to this chapter are no longer necessary." 16 U.S.C. § 1532(3).

14. In order to effectuate the purposes of the ESA, Section 7(a)(2) of the ESA requires federal agencies to engage in consultation with the Service to

> insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined . . . to be critical . . .

16 U.S.C. § 1536(a)(2). Thus, designation of critical habitat provides additional protections to threatened and endangered species by protecting habitat essential to the recovery of the species from destruction or adverse modification.

15. Defendants adopted a regulatory definition of "destruction or adverse modification" of critical habitat that has been repeatedly declared invalid. *See* 50 C.F.R. § 402.02. In *Gifford Pinchot Task Force v. U.S. Fish & Wildlife Service*, 378 F.3d 1059, 1069-70 (9th Cir. 2004), the Ninth Circuit Court of Appeals determined that the regulation improperly eliminated the recovery goal and benefits from critical habitat designation. To date, Defendants have failed to revise the regulation.

16. Section 4(f) of the ESA requires the Secretary to develop and implement recovery plans for the conservation and survival of endangered and threatened species. 16 U.S.C. § 1533(f).

## V. FACTUAL BACKGROUND

### A. Endangered San Diego Ambrosia

17. On July 2, 2002, the Service published its decision to list the San Diego ambrosia (*Ambrosia pumila*) as endangered. 67 Fed. Reg. 44372-82 (July 2, 2002). The San Diego ambrosia is part of the asteraceae or sunflower family. San Diego ambrosia is a low, creeping perennial blue-gray herb that spreads by means of slender, branched, underground rhizome-like roots. Clusters of tiny light yellow flowers bloom summer through fall. Generally found on flat or gently sloping grasslands and on upper terraces of rivers and drainages, San Diego ambrosia is

also found in openings in coastal sage scrub, adjacent to vernal pools, and in disturbed sites such as roadsides. Populations of San Diego ambrosia occur in San Diego and Riverside Counties in California and in the northern state of Baja, Mexico.

18. San Diego ambrosia is threatened primarily by urban sprawl. Other threats include agricultural expansion, livestock grazing, off-road vehicles, herbicide spraying, road construction, and the introduction of exotic species. Historically this species was once found within most major drainages in San Diego County, but at the time of listing fewer than 15 viable populations of this species remained in San Diego and western Riverside Counties, down from 49 as recently as 1999. 67 Fed. Reg. 44373.

19. The Service failed to designate critical habitat for the San Diego ambrosia at the time of listing although it found that it would be prudent to do so. 67 Fed. Reg. 44379. Although the Service stated that it would prepare a critical habitat designation for this species in the future, in the more than 5 years that have elapsed since listing it has failed to do so.

20. In the more than five years that have elapsed since the listing of the San Diego ambrosia, the Service has also failed to prepare and implement a recovery plan for the species.

**B. Endangered Cook's Lomatium and the Large-flowered woolly meadowfoam**

21. The Cook's lomatium (*Lomatium cookii*) and large-flowered woolly meadowfoam (*Limnanthes floccose ssp. Grandiflora*) were listed by the Service as endangered species on November 7, 2002. 67 Fed. Reg. 68004-15 (November 7, 2002). The Cook's lomatium are currently found at a handful of sites in the Agate Desert in Oregon. *Id.*

22. Cook's lomatium is a perennial herbaceous member of the carrot family (*Apiaceae*), which grows from a slender, twisted taproot. Its leaves are smooth, finely dissected, and strictly basal. One to four groups of clustered, pale yellow flowers produce boat or pumpkin shaped fruits. It was first collected in 1981 and first described in 1986. 67 Fed. Reg. 68004. The remaining Cook's lomatium are limited to seasonally wet habitats known as vernal pools in the Agate Desert, an area north of the city of Medford (Jackson County), Oregon, and seasonally wet soils in the French Flat / Illinois Valley area (Josephine County). *Id.* The few remaining Cook's

lomatium are threatened primarily by destruction of vernal pool habitat by development, road construction and maintenance, mowing, herbicide spraying, hydrologic alteration, off-road vehicle use, agricultural conversion, fire suppression, mining and competition with non-native plants.

23. Large-flowered woolly meadowfoam is a delicate annual plant. The stems and leaves are sparsely covered with short, fuzzy hairs. Each of the five yellowish to white petals has two rows of hairs near their base. The remaining large-flowered wooly meadowfoam are limited to seasonally wet habitats known as vernal pools in the Agate Desert (Jackson County), Oregon. Large-flowered woolly meadowfoam is threatened by destruction of vernal pool habitat by development, road construction and maintenance, mowing, herbicide spraying, hydrologic alteration, agricultural conversion, and competition with non-native plants. At the time of listing, both reported and unreported filling of vernal pool habitat were occurring continually.

24. Defendants' failure to designate critical habitat for the Cook's lomatium and large-flowered woolly meadowfoam has deprived these critically imperiled species of significant legal protection.

25. Despite the known threat to the endangered Cook's lomatium and large-flowered woolly meadowfoam posed by the destruction of habitat, the Service continues to authorize other agencies to permit habitat destruction on lands that are essential to the survival and recovery of these species and should be designated as critical habitat for these species.

26. The Service prepared a draft recovery plan for vernal pool and wet meadows ecosystems that includes both the Cook's lomatium and the large-flowered woolly meadowfoam in June 2006 (USFWS 2006). However, to date, the Secretary has failed to adopt or implement a final recovery plan for these two endangered plants.

**C. Endangered Golden Sedge**

27. On January 23, 2002, the Service published its decision to list the golden sedge (*Carex lutea*) as endangered. 67 Fed. Reg. 3120-26 (January 23, 2002). Golden sedge has yellowish green, grass-like leaves, that grow in clumps with mostly basal leaves. The fertile spikes of the

female flowers are bright yellow in color, giving the species its common name of sulphur or golden sedge. It is most easily identified during flowering and fruiting. Golden sedge is only known to grow in sandy soils overlying coquina limestone deposits and in areas that have recently burned or been mown and are wet enough to prevent shrub establishment. At the time of listing, only eight populations were known despite extensive searches and are limited to an area within a 3.2 kilometer (2-mile) radius of the Onslow/Pender County line in southeastern North Carolina. 67 Fed. Reg. 3120.

28. Golden sedge is endangered throughout its range primarily because of habitat alteration. Its habitat has been converted for residential, commercial, or industrial development and clay mining. Fire suppression has allowed shrub encroachment. Drainage activities associated with silviculture and agriculture have altered essential hydrology. Herbicide use, particularly along utility or road rights-of-way, may also be a threat. 67 Fed. Reg. 3121.

29. At the time of listing, the Service determined that critical habitat designation is prudent and may provide some minor benefits to the species. 67 Fed. Reg. 3124. Although the Service stated that it would prepare a critical habitat designation for this species in the future, in the more than 5 years that have elapsed since listing it has failed to do so.

30. In the more than five years that have elapsed since the listing of the Golden sedge, the Service has also failed to prepare and implement a recovery plan for the species.

31. The Defendants' failure to concurrently designate critical habitat for each of these four plant species at the time of listing, and subsequent failure to designate such habitat constitute violations of the ESA. The failure to timely promulgate a recovery plan for each of these four plant species violates the ESA as well.

## VI. FIRST CLAIM FOR RELIEF

32. Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

33. Based on the above facts and legal obligations, Defendants have violated Section 4 of the ESA, 16 U.S.C. § 1533, by failing to designate critical habitat for the San Diego ambrosia

within the time mandated by the statute. 16 U.S.C. § 1533(a)(3)(A) and 16 U.S.C. § 1533(b)(6)(C)(ii). Defendants' failure to designate critical habitat concurrently with listing the species as endangered and their ongoing failure to designate critical habitat violates their non-discretionary duties under Section 4 of the ESA, 16 U.S.C. § 1533, to designate critical habitat "to the maximum extent prudent and determinable" concurrently with listing. 16 U.S.C. § 1533(a)(3). This violation is subject to judicial review under Section 11 of the ESA, 16 U.S.C. § 1540(g)(1)(C).

34. Defendants' failure to designate critical habitat for the San Diego ambrosia within the time mandated by the ESA is arbitrary, capricious, and not in accordance with procedures required by law, in violation of the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 701-706.

## VII. SECOND CLAIM FOR RELIEF

35. Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

36. Based on the above facts and legal obligations, Defendants have violated Section 4 of the ESA, 16 U.S.C. § 1533, by failing to designate critical habitat for the Cook's lomatium and large-flowered woolly meadowfoam within the time mandated by the statute. 16 U.S.C. § 1533(a)(3)(A) and 16 U.S.C. § 1533(b)(6)(C)(ii). Defendants' failure to designate critical habitat concurrently with listing the Cook's lomatium and large-flowered woolly meadowfoam as endangered and their ongoing failure to designate critical habitat violates their non-discretionary duties under Section 4 of the ESA, 16 U.S.C. § 1533, to designate critical habitat "to the maximum extent prudent and determinable" concurrently with listing. 16 U.S.C. § 1533(a)(3). This violation is subject to judicial review under Section 11 of the ESA, 16 U.S.C. § 1540(g)(1)(C).

37. Defendants' failure to designate critical habitat for the Cook's lomatium and large-flowered woolly meadowfoam within the time mandated by the ESA is arbitrary, capricious, and not in accordance with procedures required by law, in violation of the Administrative Procedures

Act ("APA"). 5 U.S.C. §§ 701-706.

## VIII. THIRD CLAIM FOR RELIEF

38. Each and every allegation set forth in this Complaint is incorporated herein by reference as if set forth in full.

39. Based on the above facts and legal obligations, Defendants have violated Section 4 of the ESA, 16 U.S.C. § 1533, by failing to designate critical habitat for the golden sedge within the time mandated by the statute. 16 U.S.C. § 1533(a)(3)(A) and 16 U.S.C. § 1533(b)(6)(C)(ii). Defendants' failure to designate critical habitat concurrently with listing the species as endangered and their ongoing failure to designate critical habitat violates their non-discretionary duties under Section 4 of the ESA, 16 U.S.C. § 1533, to designate critical habitat "to the maximum extent prudent and determinable" concurrently with listing. 16 U.S.C. § 1533(a)(3). This violation is subject to judicial review under Section 11 of the ESA, 16 U.S.C. § 1540(g)(1)(C).

40. Defendants' failure to designate critical habitat for the golden sedge within the time mandated by the ESA is arbitrary, capricious, and not in accordance with procedures required by law, in violation of the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 701-706.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare that Defendants' failure to designate critical habitat for the San Diego ambrosia concurrently with listing the species and continued failure to designate the critical habitat for the species violates Defendants' non-discretionary duties under Section 4 of the ESA, 16 U.S.C. § 1533, and enter a mandatory injunction compelling Defendants to designate critical habitat for the San Diego ambrosia by a date certain;

2. In order to protect the San Diego ambrosia pending designation of critical habitat, enjoin the Defendants from issuing any incidental take permit, approval, biological opinion, or concurrence pursuant to Section 7 of the ESA, for any actions that may harm the San Diego ambrosia or cause destruction or adverse modification to its habitat;

3. Declare that Defendants' failure to designate critical habitat for the Cook's lomatium and large-flowered woolly meadowfoam concurrently with listing the species and continued failure to designate critical habitat for these species violates Defendants' non-discretionary duties under Section 4 of the ESA, 16 U.S.C. § 1533, and enter a mandatory injunction compelling Defendants to designate critical habitat for the Cook's lomatium and large-flowered woolly meadowfoam by a date certain;

4. In order to protect these species pending designation of critical habitat, enjoin the Defendants from issuing any incidental take permit, approval, biological opinion, or concurrence pursuant to Section 7 of the ESA, for any actions that may harm the Cook's lomatium and large-flowered woolly meadowfoam or cause destruction or adverse modification to their habitats;

5. Declare that Defendants' failure to designate critical habitat for the golden sedge concurrently with listing the species and continued failure to designate the critical habitat for the golden sedge violates Defendants' non-discretionary duties under Section 4 of the ESA, 16 U.S.C. § 1533, and enter a mandatory injunction compelling Defendants to designate critical habitat for the golden sedge by a date certain;

6. In order to protect the golden sedge pending designation of critical habitat, enjoin the Defendants from issuing any incidental take permit, approval, biological opinion, or concurrence pursuant to Section 7 of the ESA, for any actions that may harm the golden sedge or cause destruction or adverse modification to its habitat;

7. Declare that 50 C.F.R. § 402.02 is invalid, order Defendants to vacate and set aside this regulation, and order Defendants to promulgate a rule defining "adverse modification" in a manner consistent with the ESA by a date certain;

8. Make such additional judicial determinations and enter such additional orders as may be necessary to effectuate the foregoing;

9. Retain continuing jurisdiction to review Defendants' compliance with all judgments and orders herein;

10. Grant Plaintiffs their fees, costs, expenses and disbursements, including

reasonable attorneys' fees as provided by the ESA, 16 U.S.C. § 1540(g)(4), and/or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

11. Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: December 19, 2007

Lisa T. Belenky (CA Bar No. 203225)
Justin Augustine (CA Bar No. 235561)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 x 307
Facsimile: (415) 436-9683
lbelenky@biologicaldiversity.org
jaugustine@biologicaldiversity.org

Attorneys for Plaintiff

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145714 - BH

December 19, 2007
11:55:25

Civ Fil Non-Pris
USAO #.: 07CV2378 CIVIL FILING
Judge..: IRMA E GONZALEZ
Amount.: $350.00 CK
Check#.: BC# D3005726

Total-> $350.00

FROM: CIVIL FILING
CENTER FOR BIOLOGICAL DIVERSIT
V. KEMPTHORNE

ORIGINAL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

'07 CV 2378 IEG JMA

**I. (a) PLAINTIFFS**

CENTER FOR BIOLOGICAL DIVERSITY

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Lisa T. Belenky, Center for Biological Diversity, 1095 Market St., Suite 511, San Francisco, CA 94103, (415) 436-9682 x 307

**DEFENDANTS**

DIRK KEMPTHORNE, Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE

SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

Attorneys (If Known)

BY FAX

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☒ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Endangered Species Act, 16 U.S.C. §§ 1531-1544

Brief description of cause:
challenge to failure to designate critical habitat for four plants

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ 0.00 CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☑ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 12/18/2007 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 145714 AMOUNT $350 12/19/07 BH APPLYING IFP JUDGE MAG. JUDGE