RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
RICKEY D. TURNER, JR., Trial Attorney
CO Bar No. 38353
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0229 (tel)
(202) 305-0275 (fax)

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> DIRK KEMPTHORNE, Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE <br><br> Defendants. | Case No. 3:07-cv-2378-IEG-JMS <br><br> STIPULATED SETTLEMENT AND ORDER GRANTING JOINT MOTION TO DISMISS CASE |

Plaintiff, the Center for Biological Diversity and Defendants, the U.S. Fish and Wildlife Service and Dirk Kempthorne, Secretary of the Interior ("Secretary"), by and through their undersigned counsel, state as follows:

WHEREAS, in 2002, the Secretary listed the San Diego ambrosia, the Cook's lomatium, large-flowered woolly meadowfoam, and Golden sedge as endangered species pursuant to the Endangered Species Act ("ESA"). 67 Fed. Reg. 44,372-82 (July 2, 2002) (San Diego ambrosia); 67 Fed. Reg. 68,004 (November 7, 2002) (Cook's lomatium and large-flowered woolly meadowfoam); 67 Fed. Reg. 3120-26 (January 23, 2002) (Golden sedge).

WHEREAS, the ESA provides that critical habitat should be designated to the maximum extent prudent and determinable concurrently with the listing of a species.

WHEREAS, critical habitat has not been designated.

WHEREAS, on December 19, 2007, Plaintiff filed a Complaint for declaratory and injunctive relief, pursuant to the ESA, 16 U.S.C. § 1531 et seq, alleging that the Service failed to designate critical habitat for the four plant species.

WHEREAS, Plaintiff and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint.

WHEREAS, Plaintiff and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The Service shall complete the following:

**A. Cook's Lomatium and Large-flowered Woolly Meadowfoam**

i.  Submit to the Federal Register a determination as to whether it is prudent to designate critical habitat pursuant to 16 U.S.C. § 1533(a)(3)(A), and if prudent, a proposed critical habitat determination by July 15, 2009.
ii. If critical habitat is proposed, a final critical habitat determination to the Federal Register by July 15, 2010.

**B. San Diego Ambrosia**

i.  Submit to the Federal Register a determination as to whether it is prudent to designate critical habitat pursuant to 16 U.S.C. § 1533(a)(3)(A), and if prudent, a proposed critical habitat determination by August 20, 2009.
ii. If critical habitat is proposed, a final critical habitat determination to the Federal Register by August 19, 2010.

**C. Golden Sedge**

i.  Submit to the Federal Register a determination as to whether it is prudent to designate critical habitat pursuant to 16 U.S.C. § 1533(a)(3)(A), and if prudent, a proposed critical habitat determination by February 28, 2010.
ii. If critical habitat is proposed, a final critical habitat determination to the Federal Register by February 28, 2011.

2. In consideration of Defendants' agreement to meet the deadlines in paragraph 1, Plaintiff agrees to dismiss this action. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the

terms of this Agreement and to resolve any motions to modify such terms. See <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994).

    3. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4.

    4. The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before bringing any matter to the Court. If the parties are unable to resolve the claim within a reasonable period of time, either party may seek relief from the Court.

    5. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for designating critical habitat under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

    6. Defendants agree that Plaintiff is the "prevailing party" in this action, and agrees to pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Defendants agree to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $3,922.50. The check will be made payable in the amount of $3,922.50 to Plaintiff's undersigned counsel, Lisa Belenky of the Center for Biological Diversity.

    7. Defendants agree to submit all necessary paperwork to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed court order approving this stipulation.

8. Plaintiff agrees to accept payment of $3,922.50 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, through and including the date of this agreement.

9. Plaintiff agrees that receipt of this payment from Defendant shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

10. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action.

11. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural.  Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

12. Defendants assert that no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. In response, Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement.  Plaintiffs intend to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations.  Defendants reserve all legal and equitable defenses to such a claim.

13. The parties agree that this Settlement Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by

the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement and upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

Dated:   April 10, 2008            Respectfully submitted,

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief


 /s/   Rickey Doyle Turner, Jr
_____
RICKEY DOYLE TURNER, JR.
CO Bar No. 38353
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0229
Fax: (202) 305-0275
Email: rickey.turner @usdoj.gov

Attorneys for Federal Defendants

/s/ Lisa T. Belenky (w/ permission by RDT)
_____

Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 x 307
Facsimile: (415) 436-9683
Email: lbelenky@biologicaldiversity.org

Attorney for the Plaintiff

**ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

**DATED: April 11, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**